# Commonwealth of Massachusetts

RECEIVED
CITY CLERK'S OFFICE

2012 APR -2 A 9:57

BOSTON, MA

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

FORWARDED BY THE 1239H
CITY CLERK TO THE _____

Derek Tatum      APR 0 3 2012   , Plaintiff(s)

v.                LAW DEPARTMENT

City of Boston, et al.     , Defendant(s)

## SUMMONS

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon David Summer plaintiff's attorney, whose address is 77 Franklin Street, 3rd Fl., Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ___30th___ day of ___March___, in the year of our Lord two thousand ___and twelve___.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                   SUPERIOR COURT DEPT.
                                           CIVIL ACTION NO: 12-1239

Derek Tatum,
    PLAINTIFF,

v.

City of Boston,
Keith Wood,
Steven Kelly, and
John Doe (Boston Police Sergeant).
    DEFENDANTS

3-30-12
Allowed
(Kaplan, J.)

**Motion for Special Process Server**

Pursuant to Mass.R.Civ.P. 4(c), the plaintiff hereby moves this Court to allow him to utilize either Quickserv, the Allied Constable Group, or other constable licensed to serve civil process as a special process server in this action.

Dated: 3/30/12

Respectfully submitted,
Plaintiff by his attorney,

David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050
*Attorney for the Plaintiff*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                     SUPERIOR COURT DEPT.
                                                CIVIL ACTION NO:

Derek Tatum,
    PLAINTIFF,

v.

City of Boston,
Keith Wood,
Steven Kelly, and
John Doe (Boston Police Sergeant).
    DEFENDANTS

## *COMPLAINT AND JURY DEMAND*

### *Parties*

1. The Plaintiff, Derek Tatum is an individual that resides at 3417 Washington Street, Jamaica Plain, Massachusetts.

2. The Defendant, City of Boston is a municipality, with an address of 1 City Hall Plaza, Boston, Massachusetts.

3. The Defendant, Keith Wood is a police officer with an address of 3347 Washington Street, Jamaica Plain, Massachusetts.

4. The Defendant, Steven Kelly is a police officer with an address of 3347 Washington Street, Jamaica Plain, Massachusetts.

5. John Doe is a, now unknown, Boston Police Sergeant, with a usual address of 3347 Washington Street, Jamaica Plain, Massachusetts.

### *Facts*

6. The Plaintiff was arrested for an outstanding default warrant by Defendants Keith Wood ("Wood") and Steven Kelly ("Kelly") on April 1, 2010.

Case 1:12-cv-10621-GAO Document 1-1 Filed 04/06/12 Page 4 of 13      p.5

7. The arresting officers violently threw Mr. Tatum to the ground and cuffed his hand behind his back.

8. The use of force by Defendants Wood and Kelly was unnecessary and was witnessed by bystanders.

9. Wood and another Boston Police Officer then transported Mr. Tatum to the E-13 police station.

10. At the E-13 station, Defendants Wood, Kelly and John Doe again violently threw the Plaintiff on the ground.

11. Defendants Wood, Kelly and John Doe also struck the Plaintiff repeatedly in the face, causing him serious injuries to his head (swelling in the brain), ankle (bone chips), face (bruising) and eye (loss of vision).

12. These blows were inflicted while the Plaintiff was handcuffed.

13. The blows were so extreme, that Wood hurt his hand and had to be transported to Brigham and Women's Hospital.

14. On September 7, 20111, the Plaintiff's attorney sent presentment letters, pursuant to M.G.L. c. 258, via certified mail, to Thomas Menino, Mayor of Boston, and Edward Davis, Commissioner of the Boston Police Department. Said letters are attached hereto as Exhibits "A" and "B" and are incorporated herein.

15. The Defendants received said letters but have not provided any written response to said presentment letters within six months time.

### Count I – Negligence
### Versus the City of Boston

16. The Plaintiff incorporates and restates paragraphs 1-15 herein.

17. The Plaintiff was owed a duty of care by the Defendant.

18. The Defendant violated the Plaintiff's duty of care when police officers employed by the City of Boston took certain actions, including but not limited to, arresting the Plaintiff with unreasonable force and striking the Plaintiff and otherwise causing him injury.

19. The Defendant is responsible for the police officers negligent actions under the Massachusetts Torts Claims Act.

20. The Plaintiff suffered injury and damage as a direct result of the Defendants breach of its duty of care owed to the Plaintiff.

### Count II – Negligent Infliction of Emotional Distress
### Versus the City of Boston

21. The Plaintiff incorporates and restates paragraphs 1-20 herein.

22. The Plaintiff was owed a duty of care by the Defendant.

23. The Defendant violated the Plaintiff's duty of care as a result, the Plaintiff suffered tremendous strain and visible distress.

24. The Defendant is responsible for their employees' negligent actions under the Massachusetts Torts Claims Act.

25. The Plaintiff's injuries were as a direct result of the Defendants' negligent infliction of emotional distress.

### Count III – Assault and Battery
### Versus Wood, Kelly and John Doe

26. The Plaintiff incorporates and restates paragraphs 1-25 herein.

27. The Defendants touched the Plaintiff in an unpermitted fashion.

28. As a result of the unpermitted touching, the Plaintiff suffered damage.

### Count IV – False Arrest
### Versus All Defendants

29. The Plaintiff incorporates and restates paragraphs 1-29 herein.

30. The Defendants arrested the Plaintiff without undertaking a proper investigation.

31. As a result of the Defendants' actions, the Plaintiff suffered damage.

### Count V – Violation of 42 U.S.C. § 1983
### Versus All Defendants

32. The Plaintiff incorporates and restates paragraphs 1-31 herein.

33. The Defendants' actions, which include but are not limited to, Plaintiff's arrest, incarceration, and assault, violated his constitutional rights.

34. The Defendants conduct including, but not limited to, their arresting policies and procedures, their investigation policies and procedures, their training of officers, their policies regarding the use of force, and their policies concerning detained suspects led to both the outright violation and a deliberate indifference to the rights of the Plaintiff.

35. As a result of the Defendants' actions the Plaintiff's rights were violated and the Plaintiff suffered damage.

### Count V – Violation of M.G.L. c. 12 §§ 11H and 11I
### Versus All Defendants

36. The Plaintiff incorporates and restates paragraphs 1-35 herein.

37. This is a cause of action against the defendants for violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws, chapter 12, §§ 11H and 11I.

38. The Plaintiff has rights secured by the Constitution and the laws of the Commonwealth.

39. The Defendants interfered and attempted to interfere with the Plaintiff's rights via threats, intimidation or coercion.

40. As a result, the Plaintiff has been harmed.

WHEREFORE Plaintiff prays for the following relief:

a. That judgment be entered against the Defendants as to Count I-V of this complaint and the Plaintiff be awarded damages.

b. Plaintiff prays for such other and further relief that this Court deems just and proper.

Plaintiff demands a jury trial as to all issue for which jury trials may be held.

> Respectfully submitted,
> Derek Tatum
> Plaintiff by his attorney,

Dated: 3/30/12

David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050

Exhibit "A"

# LAW OFFICE OF DAVID B. SUMMER

77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MA 02110

TELEPHONE (617) 695-0050
FACSIMILE (617) 695-0055
E-MAIL: DAVID@SUMMERLAW.COM

September 7, 2011

The Honorable Thomas Menino
Mayor, City of Boston
1 City Hall Plaza
Boston, MA 02201

    RE:   Derek Tatum

Dear Mayor Menino:

Please be advised that this firm represents Derek Tatum with respect to his claims against the City of Boston and the Boston Police Department ("BPD") as a result of an arrest by the BPD. Please consider this letter to be submitted pursuant to M.G.L. c. 258 § 4.

On or about April 1, 2010, Mr. Tatum was arrested by the BPD on a warrant. *See* Police Report, attached hereto as Exhibit "A" and incorporated herein. The arresting officers violently threw Mr. Tatum to the ground and cuffed his hand behind his back. This unnecessary violent arrest was witnessed by three bystanders. The officers then transported Mr. Tatum to the E-13 police station.

At the E-13 station, the officers struck Mr. Tatum repeatedly in the face, causing him serious injuries to his head (swelling in the brain), ankle (bone chips), face (bruising) and eye (loss of vision). These blows were inflicted while Mr. Tatum was handcuffed. The blows were so extreme, that upon information and belief, Officer Wood, broke his right hand.

You are hereby put on notice that, given the above conduct, Mr. Tatum intends to file numerous claims against the City of Boston and the BPD. His claims include those made pursuant to M.G.L. c. 12 §§ 11H and 11I, 42 U.S.C. § 1983 for violation of his rights and for his personal injuries. Mr. Tatum will further assert claims for negligent infliction of emotional distress as this incident caused him to undergo tremendous strain and visible distress. Mr. Tatum reserves the right to amend this letter and to add additional claims in the future.

LAW OFFICE OF DAVID B. SUMMER

As a result of this incident, Mr. Tatum continues to suffer post traumatic stress disorder, mental distress, pain and suffering, and a loss of vision. In short, this unnecessary incident has thoroughly injured Mr. Tatum physically and mentally.

Given the above, Mr. Tatum hereby demands the amount of $100,000 to resolve this matter. Please contact me at your earliest convenience to discuss the same.

Sincerely,

David B. Summer, Esq.

cc: Mr. Derek Tatum

Exhibit "B"

## LAW OFFICE OF DAVID B. SUMMER

77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MA 02110

TELEPHONE (617) 695-0050
FACSIMILE (617) 695-0055
E-MAIL: DAVID@SUMMERLAW.COM

September 7, 2011

Boston Police Headquarters
Attn: Edward Davis, Commissioner
1 Schroeder Plaza
Boston, MA 02120-2010

    RE:   Derek Tatum

Dear Commissioner Davis:

Please be advised that this firm represents Derek Tatum with respect to his claims against the City of Boston and the Boston Police Department ("BPD") as a result of an arrest by the BPD. Please consider this letter to be submitted pursuant to M.G.L. c. 258 § 4.

On or about April 1, 2010, Mr. Tatum was arrested by the BPD on a warrant. *See* Police Report, attached hereto as Exhibit "A" and incorporated herein. The arresting officers violently threw Mr. Tatum to the ground and cuffed his hand behind his back. This unnecessary violent arrest was witnessed by three bystanders. The officers then transported Mr. Tatum to the E-13 police station.

At the E-13 station, the officers struck Mr. Tatum repeatedly in the face, causing him serious injuries to his head (swelling in the brain), ankle (bone chips), face (bruising) and eye (loss of vision). These blows were inflicted while Mr. Tatum was handcuffed. The blows were so extreme, that upon information and belief, Officer Wood, broke his right hand.

You are hereby put on notice that, given the above conduct, Mr. Tatum intends to file numerous claims against the City of Boston and the BPD. His claims include those made pursuant to M.G.L. c. 12 §§ 11H and 11I, 42 U.S.C. § 1983 for violation of his rights and for his personal injuries. Mr. Tatum will further assert claims for negligent infliction of emotional distress as this incident caused him to undergo tremendous strain and visible distress. Mr. Tatum reserves the right to amend this letter and to add additional claims in the future.

As a result of this incident, Mr. Tatum continues to suffer post traumatic stress disorder, mental distress, pain and suffering, and a loss of vision. In short, this unnecessary incident has thoroughly injured Mr. Tatum physically and mentally.

Given the above, Mr. Tatum hereby demands the amount of $100,000 to resolve this matter. Please contact me at your earliest convenience to discuss the same.

Sincerely,

David B. Summer, Esq.

cc: Mr. Derek Tatum

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. |
|---|---|---|
| PLAINTIFF(S) Derek Tatum | DEFENDANT(S) City of Boston, Keith Wood, Steven Kelly and John Doe | |

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| David Summer (BBO 634514) 77 Franklin Street, 3rd Floor Boston, MA 02110 (617) 695-0050 | |

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK       IS THIS A JURY CASE?

E03 Claims Against Comm or Municipality - Average Track          [X] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses                                  $ Unknown
2. Total doctor expenses                                    $ Unknown
3. Total chiropractic expenses                              $
4. Total physical therapy expenses                          $
5. Total other expenses (describe)                          $
                                                  Subtotal  $
B. Documented lost wages and compensation to date           $
C. Documented property damages to date                      $
D. Reasonably anticipated future medical expenses           $
E. Reasonably anticipated lost wages and compensation to date $
F. Other documented items of damages (describe) pain and suffering, mental anguish  $ 26,000+
G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $
bone chips, facial injuries, eye injuries

                                                  Total $ 26,000+

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                  TOTAL   $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____      Date: Mar 30, 2012
A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                     SUPERIOR COURT DEPT.
                                                CIVIL ACTION NO:

Derek Tatum,
    PLAINTIFF,

v.

City of Boston,
Keith Wood,
Steven Kelly, and
John Doe (Boston Police Sergeant).
    DEFENDANTS

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

I am attorney of record for Plaintiff in the above entitled matter. In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) which states in part: "... Attorney shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent...,"

I hereby certify that I have complied with this requirement.

Dated: 3/30/12

Respectfully submitted,
Plaintiff by his attorney,

_____
David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050